MARY M. KAPLAN, on Behalf of Herself and All Other Holders of General Theatres Equipment, Inc., Ten-Year, Six Per Cent Convertible Gold Debentures, Due April 1, 1940, Who Are Similarly Situated and Who Desire to Intervene Herein, Plaintiff, and WILLIAM SOCHER and Others, Intervenors, Plaintiffs, *v.* THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Individually and as Trustee under Indenture, Dated as of April 1, 1930, with GENERAL THEATRES EQUIPMENT, INC., Defendant.

Supreme Court, New York County, June 16, 1934.

*Kaye, McDavitt & Scholer* [*Harold L. Fierman* of counsel], for plaintiff Mary M. Kaplan, and for the intervening plaintiff William Socher, and *pro se.*

*Ottervourg, Steindler & Houston* [*Emanuel M. Steindler* of counsel], for the intervening plaintiff Edward Schuetz.

*Cuthell, Hotchkiss & Mills* [*Howard Osterhout* of counsel], for the intervening plaintiffs H. V. Goodrich and others.

*Messinger & Brown* [*David J. Brown* of counsel], for the intervening plaintiff Edna Rabin.

*Tolins & Jakobson* [*Joseph Petchesky* of counsel], for the intervening plaintiff Jacob G. Schulman.

*Mudge, Stern, Williams & Tucker* [*Henry Root Stern* of counsel], for the defendant.

STEUER, J. Defendant was the so-called trustee of an issue of debenture bonds of the General Theatres Equipment Company. Plaintiffs sue as bondholders for equitable relief made necessary by certain acts of defendant claimed to be in violation of its fiduciary duty. As to all of these except the one discussed, there was nothing done by the trustee which violated any fiduciary duty. The acts complained of were the making of loans which in some instances assumed a complicated character and the financing of syndicate operations. To state the facts in regard to these operations would unduly prolong this memorandum, and it is sufficient to say that these acts did no harm to the plaintiffs as bondholders.

The indenture under which the debentures were issued contains a covenant given by the corporation to the defendant that the former will not create or suffer to exist any lien or pledge upon the stock of its subsidiaries without making ratable provision for the securing of the bonds in question with the exception that the covenant shall not apply to a pledge or lien securing notes maturing not more than one year after their respective dates.

On May 6, 1930, defendant loaned the corporation $2,500,300 secured by Fox Film A stock on the latter's demand note. On July 7, 1930, a similar sum was loaned on similar collateral. Eleven days later $1,000,000 was paid on account of this indebtedness. On October 10, 1930, defendant advanced $6,000,000 additional and surrendered the two outstanding notes, taking in return a note for $10,000,000 payable in six months and additional stock as collateral, continuing to hold the stock already pledged as part of the security for this note. Later defendant demanded and received additional collateral for this note and another indebtedness. The note was renewed upon maturity until September 28, 1931.

The question is whether the transaction is a violation of the covenant in the indenture. If it is, there can be no dispute that the defendant violated a duty to the bondholders in participating in an act which it undertook to prevent the corporation from doing. Defendant claimed that the demand notes were paid by the $10,000,000 note and hence there was no outstanding indebtedness for a year. Under the circumstances, the question is undoubtedly one of intent. The intent found here was one to avoid the provisions of the indenture which was accomplished by stamping the notes paid and indulging in the other mummeries of banking practice.

There was no real payment. Defendant's second contention is that even if there was no payment, the collateral secured the last note which matured within the prescribed time and hence there is no violation. Before making such an argument one should note that the provision requires that no such pledge shall be suffered to exist, that is, allowed to continue. This means that a pledge of security for an obligation should not be allowed to continue and to come within the exception the obligation must be one actually maturing within a year and not only made to appear so through financial prestidigitation or ingenuity of counsel.

Defendant's contention in regard to the amount of the additional security, pledged on May 21, 1931, applicable to the note in question, is correct. The relief to be given is not to return the collateral to the receiver of the corporation but to do what the defendant should have done, apply it ratably to the debentures.

Judgment for the plaintiff to the extent indicated in the foregoing memorandum, with appropriate exceptions to both sides. Submit findings accordingly June 21, 1934.